**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Ramirez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Pep Boys, et al.,<br><br>　　　　　Defendants. | No. CV-16-04407-PHX-DJH<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 24). Plaintiff filed a Response (Doc. 28) and Defendant filed a Reply (Doc. 29). For reasons stated below, the Motion will be granted.

　　　　Plaintiff filed his *pro se* Complaint on December 15, 2016. (Doc. 1). The Complaint is in narrative form and is two pages long. The Complaint alleges, somewhat indirectly, numerous causes of action including violations of Title VII of the Civil Rights Act of 1964 for employment discrimination on the basis of race, color, religion, gender, and national origin. The Complaint further alleges age discrimination in violation of the Age Discrimination in Employment Act of 1967 and discrimination in violation of the American's with Disabilities Act of 1990. (Doc. 1).

## I. Background

The case arises from the October 13, 2016, dismissal of Plaintiff from employment with Defendant.[1] The extent of the facts alleged by Plaintiff are contained in one paragraph in his narrative Complaint. Plaintiff states in his Complaint that he was told that he would be promoted once a position opened up. (Doc. 1 at 1). He claims that his assistant manager Cryssi Campos ("Campos") yelled at him and reported him to manager Donald Akins. Plaintiff claims the reports made to Akins were false and made in retaliation for multiple complaints that Plaintiff called in to management. (Doc. 1). Plaintiff further claims he was "forced to work with no lunches, forced to do heavier work, bathroom restrictions, changing my schedule and not notifying me, trying to make false customer complaints, being forced to go home and human resources trying to cover it up, injuring being over worked, injury from moving away from push cart falling with battery, diagnosed with depression and anxiety from work environment." (Doc. 1 at 2). These statements are the extent of the factual allegations alleged by Plaintiff.

In its Motion for Summary Judgment, Defendant argues that Plaintiff was hired in January 2015 as a customer service advisor.[2] (Doc. 24 at 2). Defendant contends that Plaintiff received the Pep Boys Associate Employment Guide ("Handbook") upon his hiring. Plaintiff signed the Handbook, acknowledging that he had read it and that he agreed to abide by its policies. (SOF ¶ 5).[3] The Handbook addresses circumstances that may lead to the termination of an associate. This includes, "[a]ny violation of [Pep Boys'] policy, including misconduct, harassment, and any act that is deemed not to be in the best interest of the [Pep Boys]." (SOF ¶ 4). Plaintiff was also provided with an Attendance & Punctuality Policy (the "Attendance Policy"). (SOF ¶ 7). This policy states that failure to "notify your supervisor in advance of your scheduled work shift

---

[1] Defendant claims that Plaintiff incorrectly identified it as "Pep Boys, Autoplus, Icahn Enterprises, L.P.," while its appropriate name is "The Pep Boys – Manny, Moe & Jack of California," which is the operating entity of the store Plaintiff was employed.

[2] Plaintiff's Response does not disagree with any of the facts asserted by Defendant.

[3] Statement of Facts in Support of Defendant's Motion for Summary Judgment (Doc. 25).

- 2 -

when you're late or not coming to work," may result in "disciplinary action, including termination." (*Id*.)

Defendant alleges that on September 13, 2015, Plaintiff began arguing with management in front of customers and was issued an Initial Performance Counseling on September 15, 2015. (SOF ¶ 12). Plaintiff acknowledged in his deposition that this confrontation occurred. (*Id.*) Defendant also alleges that between February 16, 2016 and July 14, 2016, Plaintiff was tardy 23 times in violation of the Attendance Policy. (SOF ¶ 28). Moreover, between March 12, 2016 and July 14, 2016, Plaintiff had nine unexcused absences in violation of the attendance policy. (*Id.*) As a result of these attendance issues, Plaintiff was issued a Repeated Notice of Performance Counseling on July 15, 2016. (SOF ¶ 27). Subsequent to receiving the second Notice, Plaintiff showed up to work more than thirty minutes late on July 19, 20, 22, and 24, 2016. (SOF ¶ 30). As a result of these continued late arrivals, he was issued a Final Notice on July 26, 2016. (*Id.*)

On July 27, 2016, Plaintiff was seen by a physician and was referred for a neurological examination. (SOF ¶ 33). On August 11, 2016, Plaintiff underwent a neurological examination and was advised to undergo CT imaging and to attend physical therapy. (SOF ¶ 34). Plaintiff did not follow through with this treatment plan. (SOF ¶ 35). On August 16, 2016, Plaintiff filed a Charge of Discrimination with the EEOC alleging that Defendant was discriminating against him based on his sex, disability, and national origin. (SOF ¶ 36). The EEOC issued its notice of dismissal of Plaintiff's Charge of Discrimination on September 8, 2016. (SOF ¶ 39).[4]

Plaintiff did not attend scheduled work shifts on October 9, 12, and 13, 2016, and did not provide a doctor's note or other reason for missing those shifts. (SOF ¶ 37). Based on the cumulative nature of his attendance issues in violation of the Handbook and Attendance Policies, Plaintiff was terminated on October 13, 2016. (*Id.*)

. . . .

---

[4] These facts were not alleged by Plaintiff in his Complaint, but were provided by Defendant in its briefing on the present Motion.

- 3 -

**II.     Summary Judgment Legal Standards**

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986); *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). The materiality requirement means "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law determines which facts are material. *Id.* The dispute must also be genuine, meaning the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 242. The Court determines whether there is a genuine issue for trial but does not weigh the evidence or determine the truth of matters asserted. *Jesinger*, 24 F.3d at 1131.

The moving party bears the initial burden of identifying the portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party meets its initial burden, the opposing party must establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-250. However, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A plaintiff cannot create a genuine issue for trial based solely upon his subjective beliefs. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996).

**III.    Analysis**

Defendant moves for summary judgment on all of Plaintiff's claims, arguing that there are no material facts in dispute and that it is entitled to judgment as a matter of law. As an initial matter, the Court notes that Plaintiff filed a handwritten Response to the

Motion. (Doc. 28). In total, the Response states as follows: "Evidence of all situations will ask the court to no [sic] dismiss my case." (*Id.*) Attached to the Response are a number of text messages that appear to be between Plaintiff and other employees of the Defendant related to other employees allegedly being late for work, but it is not clear to the Court as to who these messages are between. (Doc. 28).

Moreover, Plaintiff did not list out claims separately in his Complaint. (Doc. 1). Therefore, it is not exactly clear which claims he is bringing in this litigation. Plaintiff's Complaint fails to clearly identify causes of action showing he is entitled to relief. The Court, however, must hold *pro se* pleadings to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Out of an abundance of caution, the Court will analyze all of the causes of action that Plaintiff references in his Complaint. Plaintiff did not file a controverting statement of facts or separate statement of facts with his Response to Defendant's Motion for Summary Judgment. Accordingly, the Court will construe the limited number of factual allegations contained in the Complaint as an affidavit in opposition to the summary judgment motion. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (allegations in a *pro se* plaintiff's verified pleadings must be considered as evidence in opposition to summary judgment); *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (verified complaint may be used as an affidavit opposing summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence).

### A. Title VII Discrimination Claims

Plaintiff's Complaint references a number of causes of action, including for national origin, race, religion and age based discrimination. (Doc. 1). As an initial matter, Plaintiff testified during his deposition that Defendant did not discriminate against him on the bases of race, color, national origin or religion. (SOF ¶ 40-42). Additionally, with regard to his age discrimination claim, Plaintiff stated during his deposition, "I really don't know why that's there." (SOF, Ex. 1 page 47). Plaintiff subsequently stated that he does not have a claim for age discrimination against Defendant when

1 acknowledging that he is only 37 years old. (*Id.* at 48).

The Court finds that there are no material facts in dispute and that as a matter of law, Defendant is entitled to summary judgment on Plaintiff's claims of national origin, race, religion and age-based discrimination.

## B. ADA Discrimination Claim

Plaintiff's Complaint also mentions the Americans with Disabilities Act (the "ADA"), and appears to allege that the Defendant violated the ADA in failing to accommodate his alleged disability. (Doc. 1). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability…." 42 U.S.C. § 12112(a). Discrimination includes not only the unequal treatment of a disabled employee but also a failure to make "reasonable accommodations" for that employee. 42 U.S.C. §§ 12112(b)(4), (b)(5)(A). Once an employer becomes aware of an employee's need for accommodation, it must engage in an "interactive process" with the employee to identify and implement reasonable accommodations. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001). The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process. *Barnett v. U.S. Air*, 228 F.3d 1105, 1114-15 (9th Cir. 2000).

As an initial matter, Plaintiff does not allege any facts in his Complaint that he had a medical condition that would qualify under the ADA. Moreover, Plaintiff does not allege in his Complaint that Defendant was aware of the alleged medical condition and failed to accommodate that condition. (Doc. 1). Plaintiff has offered no evidence that Defendant failed to engage in the interactive process in good faith that supports his failure to accommodate claim. Even had Plaintiff met his burden, the evidence provided by Defendant shows that Plaintiff attended an initial appointment with a provider, failed to attend his specialist appointment, and continued working and performed all of the tasks that he was ordinarily tasked with performing. (Doc. 24). Plaintiff has not disputed any

- 6 -

of these facts.

The Court finds that there are no material facts in dispute as to this claim and that as a matter of law, Defendant is entitled to summary judgment on Plaintiff's ADA discrimination claim.

### C. Retaliation Claims

Independent of whether discrimination has occurred, Title VII forbids employers from retaliating against an employee who seeks to bring discrimination claims against the employer. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 215(a)(3). A prima facie case of retaliation under Title VII requires the plaintiff show: (1) she engaged in a protected activity, (2) she suffered an adverse employment decision, and (3) there was a causal link between the protected activity and the adverse employment decision. *Villiarimo*, 281 F.3d at 1064. To bring a retaliation claim under 29 U.S.C. § 215(a)(3), an employee must have given the employer "fair notice that an employee is making a complaint that could subject the employer to a later claim or retaliation." *Kasten v. Saints-Gobain Performance Plastics Corp.*, 563 U.S. 1, 13 (2011). An employee's "amorphous expressions of discontent" are usually not sufficient to constitute fair notice. *Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999). Moreover, "not every employment decision amounts to an adverse employment action." *Strother v. S. California Permanente Med. Grp.*, 79 F.3d 859, 869 (9th Cir. 1996).

Plaintiff's retaliation claim appears to stem from his receiving Performance Counseling Notices from his employer and not to his ultimate termination. (Doc. 1). Plaintiff states in his Complaint that Campos "wrote me up with manager donald akins in falsely write ups made up for retaliations for calling…district managers and human resources…of many complaints I called in." (Doc. 1).

Defendant asserts that the first Notice given to Plaintiff was a result of his arguing with management in front of a customer and in violation of the Handbook. (Doc. 24). In his deposition, Plaintiff does not dispute that he was arguing in front of a customer. Rather, he asserts that he should not have been given a Notice for that behavior, and

instead that it was in some way retaliatory. Plaintiff alleges no facts to show that Defendant's actions were retaliatory. *See Strother*, 79 F.3d at 869. Plaintiff admits that he has no facts, other than his subjective belief, to support his retaliation claim. Moreover, Plaintiff has not disputed Defendant's reasons for giving Plaintiff the Notices. (Doc. 28).

The Court finds that there are no material facts in dispute and that as a matter of law, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

### D. Gender-based Discrimination

Under Title VII, a plaintiff may establish a prima facie discrimination claim by showing direct evidence of discriminatory intent or by establishing that "(1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subjected to an adverse employment action; and (4) similarly situated men were treated more favorably, or her position was filled by a man." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). To directly prove discriminatory animus, the evidence, if believed, should not require inference or presumption. *Vasquez v. City of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). "Individuals are similarly situated when they have similar jobs and display similar conduct." *Id.* at 641. The jobs in question need not be identical, but they must be similar "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006).

The basis for Plaintiff's gender discrimination claim is his belief that Karissa Arroyo, a female, was promoted to the position of Assistant Service Manager over him. (SOF ¶ 24). He has provided no facts or other evidence to support this claim in his Complaint and as stated above he did not file a substantive response to the Motion for Summary Judgment. (Doc. 28). Moreover, in his deposition, Plaintiff admitted that he had no evidence to support his gender discrimination claim other than his subjective belief that Ms. Arroyo was promoted because she was "eye candy." (SOF ¶ 25-26). Plaintiff's subjective belief alone cannot create a genuine issue of material fact for trial. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996); *see also*

*Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998) ("evidence of 'pretense' must be 'specific' and 'substantial' in order to create a triable issue with respect to whether the employer intended to discriminate on the basis of sex."). Plaintiff has not presented any evidence, other than his subjective beliefs, that Defendant discriminated against him based on his gender. The Court finds that there are no material facts in dispute and that as a matter of law, Defendant is entitled to summary judgment on Plaintiff's claim of gender discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

**Dated** this 14th day of August, 2018.

Honorable Diane J. Humetewa
United States District Judge